## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 5:15-CV-00281** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AMERASSIST A/R SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.     INTRODUCTION

1.     This action is brought by Plaintiff Kathleen Green ("Plaintiff") for actual damages, statutory damages, and civil penalties against the Defendant AmerAssist A/R Solutions, Inc. ("Defendant"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") and the North Carolina Collection Agency Act, N.C.G.S. §§ 58-70-1 *et seq.* ("NCCAA"), which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices.

### II.     JURISDICTION

2.     Venue is proper in this district as all relevant events took place here.

3.     Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

### III. PARTIES

4.    Plaintiff is an individual who resides in Benson, North Carolina.

5.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and NCCAA, N.C.G.S. § 58-70-90(2).

6.    Defendant is a corporation and collection agency located in Columbus, Ohio.

7.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8.    Defendant regularly attempts to collect consumer debts alleged to be due to another.

9.    Defendant engages, directly or indirectly, in debt collection from consumers.

10.    Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11.    Defendant was and is a "collection agency" as defined by the NCCAA, N.C.G.S. §§ 58-70-15(a) and 58-70-90(1).

### IV. FACTUAL ALLEGATIONS

12.    Plaintiff received medical treatment and/or services from Riverbend Family Medicine, resulting in a balance allegedly owed ("the Debt").

13.    The Debt was incurred for personal, family, or household purposes, *i.e.*, medical treatment and/or services.

14.    Defendant obtained the Debt after it entered default.

15.    On May 19, 2014, Plaintiff filed a petition for relief under Chapter 13 of the

Bankruptcy Code ("the Petition") and listed the Debt on Schedule F. *See* Voluntary Petition,

Case # 14-02892-5-SWH, Bankr. E.D.N.C., Docket 1, p. 40.

16.    Upon the filing of the Petition, an automatic stay was imposed on any act to

collect, assess, or recover a claim against Plaintiff that arose before the filing of the Petition.

The Debt is "a claim" as used in this paragraph. *See* 11 U.S.C. § 362(a).

17.    By correspondence dated June 24, 2014, Defendant arranged for the

preparation and transmittal of a letter to the Plaintiff at Plaintiff's residence in an attempt to

collect the Debt.

18.    Defendant's June 24, 2014, letter states in part:

> **Urgent!** Your continued failure to respond to our repeated requests for payment of the above obligation will compel us to resort to additional collection action to collect this debt. If you cannot remit payment in full you must contact us immediately at (614) 431-3888 to discuss your options.
>
> **Your account may be reported to a nationwide credit bureau if payment in full is not received, or you fail to contact our office.  Credit information reported to the bureau can remain on your record for up to seven (7) years.**
>
> Your credit standing can be maintained by enclosing this communication with your remittance or by making immediate payment arrangements.  Neglect ruins more credit than dishonesty.

19.    Defendant lacked legal authority to attempt to collect the Debt after the Petition

was filed.

20.    Any statement made by Defendant, after the Petition was filed, that payment

of the Debt is due is a false statement.

21.    Even though Defendant lacked legal authority to attempt to collect the Debt

after the Petition was filed, Defendant:

        A.     attempted to collect the Debt;

        B.     demanded payment;

        C.     threatened additional collection action if no payment was made; and

        D.     threatened reporting Plaintiff's account to a nationwide credit bureau if payment in full was not made.

22.     Upon information and belief, Defendant made additional attempts to collect from Plaintiff, both by mail and telephone.

23.     By successfully contacting Plaintiff and attempting to collect the Debt, even though it lacked the legal authority to do so, Defendant caused Plaintiff to suffer anxiety, fear, privacy loss, emotional distress, and waste of time.

**B.     The Fair Debt Collection Practices Act**

24.     "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

25.     "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect

or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

26.     The FDCPA is a strict liability statute. *National Financial Servs.*, 98 F.3d at 139 ("evidence of actual deception is unnecessary"); *Davis v. Trans Union, LLC*, 526 F.Supp.2d 577, 586 (W.D.N.C. 2007). "[Section] 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004).

27.     Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

28.     "A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of th automatic stay [] or the discharge injunction [], it is not. A debt collector's false statement is presumptively wrongful under the [FDCPA] [], even if the speaker is ignorant of the truth; but a debt collector that exercises care to avoid making false statements has a defense under § 1692k(c)." *Randolph*, 368 F.3d at 728 (internal citations omitted).

## C. The North Carolina Collection Agency Act

29. The NCCAA shares similar purposes and provisions with the FDCPA, including the prohibition of false, deceptive, and misleading representations, *cf* N.C.Gen.Stat. § 58-70-110 and 15 U.S.C. § 1692e, and unfair practices. *Cf.* N.C.Gen.Stat. § 58-70-115 and 15 U.S.C. § 1692f. As such, the FDCPA standards established by the Fourth Circuit may be used as a model for analyzing collection agency communications under the NCCAA. *See DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003). *See* ¶¶ 24-28, *supra*.

30. North Carolina "hold[s] debt collection agencies regulated under Chapter 58 to a higher standard ... than the standard to which other entities engaged in debt collection are held under" other state statutes. *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 316 (N.C.Ct.App. 2013).

31. By attempting to collect the Debt from Plaintiff without the legal authority to do so and by demanding payment while Plaintiff's bankruptcy case remained active, Defendant engaged in collection activity expressly prohibited by law, and falsely represented the character of the Debt and its status in any legal proceeding.

## V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendant's violations of the FDCPA include, but are not limited to:

    A.    using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10); and

B.     falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

34.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI.     COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

35.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

36.     Defendant's violations of the NCCAA include, but are not limited to:

A.     collect[ing] or attempt[ing] to collect a debt alleged due and owing from a consumer by means of any unfair threat, coercion or attempt to coerce, in violation of N.C.G.S. § 58-70-95;

B.     collecting or attempting to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110; and

D.     falsely representing the character, extent or amount of a debt against a consumer or of its status in any legal proceeding, in violation of N.C.G.S. § 58-70-110(4).

37.     As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Kathleen Green requests that judgment be entered in her favor against Defendant AmerAssist A/R Solutions, Inc. for:

A.     Actual damages to be determined by a jury at trial;

B.     Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

C.    Civil penalties in the amount of $500 - $4,000 for each violation, pursuant to N.C.G.S. § 58-70-130(b);

D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.G.S. § 75-16.1; and

E.    For such other relief as the Court may find to be just and proper.

Dated: June 23, 2015

/s/ Craig M. Shapiro
Craig M. Shapiro
Attorney for Plaintiff
Law Offices of John T. Orcutt, P.C.
6616 Six Forks Road, Suite 203
Raleigh, North Carolina 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: cshapiro@johnorcutt.com
State Bar No. 48887